## CHAPMAN V. ALLEN.

ERROR from a decree of the Court of Common Pleas, sitting as a Court of Chancery. The stating was of a parol agreement, that the petitioner and J. Lewis should convey certain lands to the petitionee; and that he, in part payment therefor, should discharge an execution against the petitioner, in favor of J. Sumner, for £21 12s. 4d. issued by the Superior Court, for costs: That pursuant to this agreement, the land was conveyed, and a bond at the same time was executed by the petitionee, with intent to indemnify the petitioner against the execution; but, by mistake, the execution was misdescribed in the bond, as being against the petitioner and said Lewis, when in fact it was against the petitioner only; and that the petitioner had been obliged to pay the execution, and in an action upon his bond, had failed, by reason of the misdescription.— Praying to be reimbursed the amount of the execution, with an additional sum, at the discretion of the court, for his full indemnification.

Three exceptions were taken in abatement of the petition: —

1. That relief is prayed for, against a judgment of the Superior Court, which the Common Pleas are not, by statute, competent to grant.

2. That the agreement set up respects the sale of land, and being parol, is within the Statute of Frauds and Perjuries.

3. That it is contrary to the express words of the bond, by which the party must be concluded.

The exceptions were adjudged sufficient, by the Court of Common Pleas, and the petition dismissed; — but the decree of the Common Pleas was reversed.— For,

By the whole COURT. As to the first exception — Though the execution which was to have been indemnified against was upon a judgment of the Superior Court for costs, the prayer of the petition is not to be relieved against that judgment, or to have it at all affected. And with regard to the subsequent judgment for costs, in the action upon the indemnifying bond, it is not mentioned in the prayer of the petition, though it is incidentally in the counting part of it; and forms no part of the ground for relief, it being the petitioner's own folly, as the bond was drawn to prosecute the suit.

As to the second exception — The agreement in this case is not within the Statute of Frauds and Perjuries, it being on one part, and that which the statute principally or solely regards, the conveyance of the land, executed, which renders it manifest injustice that the other part should remain unexecuted, and takes the case out of the reason of the statute, which was designed to defeat such agreements only, no part of which was carried into execution, and set up merely by parol. And so has been the construction of the statute of the 29th Car. II. from which ours was penned. See 2 Stra. 783, and cases referred to, 1 Bac. Abrid. 74.

As to the third exception — That the agreement set up is different from the bond: — The rule of law, that the intent of parties to written contracts is to be learned only from the writings themselves, is, in some cases in equity, so far departed from, as to let in evidence of mistakes and omissions; as to rebut an equity, or by way of objection to a specific performance, as in Joyner's case, 3 Atk. 388, where parol evidence was admitted of an omission; and the defense held

by Chancellor Hardwicke, "quite equal whether the omission was insisted on as a mistake or fraud." And in Langley's case, 2 Atk. 203, it is recognized as a general principle, "that mistakes and misapprehensions in the drawer of deeds, contrary to the design of the parties, is as much a ground of relief as fraud and imposition;" which goes as far as the present case. Here, through a mistake of the drawer in a single point of description, the intent of the parties is wholly frustrated, and manifest injustice is done.

Upon neither of the exceptions, therefore, ought the petition in the Common Pleas to have abated.